IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SHANE MICHAEL SANDCRANE,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTO MARTINEZ, et al.,<br><br>Defendants. | CV 14-00124-BLG-SPW-CSO<br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This matter comes before the Court on Plaintiff Shane Sandcrane's Complaint filed pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1985, and 42 U.S.C. § 1983. *Complaint, ECF 2 at 1*. Sandcrane is a federal prisoner proceeding in forma paueris and without the assistance of counsel. He raises allegations against 84 defendants regarding his 2008 criminal proceedings, legislation and policies affecting Native Americans, his timely receipt of funds under the Cobell settlement, and his access to the courts. His allegations fail to state a claim upon which relief may be granted and the Complaint should be dismissed.

1

# I. STATEMENT OF CASE

## A. Prior Criminal Proceedings

Sandcrane was indicted on August 21, 2008 for aiding and abetting in a first degree murder. *United States v. Sandcrane, 08-CR-101-BLG-SPW, ECF 1*. On December 17, 2008, a superseding indictment was filed adding the charge of accessory after the fact. *United States v. Sandcrane, 08-CR-101-BLG-SPW, ECF 15*. On October 5, 2009, Sandcrane was charged under a superseding information with aiding and abetting in a second degree murder. Sandcrane plead guilty to this charge and was sentenced to the Bureau of Prisons for 540 months. *United States v. Sandcrane, 08-CR-101-BLG-SPW, ECF 61*. According to the Bureau of Prison's website, Sandcrane is set to be released in the year 2047. www/bop.gov (accessed January 27, 2015).

## B. Allegations

### 1. Claims Regarding Criminal Proceedings

In Counts 1-4 and Count 6, Sandcrane challenges his criminal proceedings and conviction. He alleges that in May 2008, Defendants failed to provide investigative services in the same manner as would be

2

rendered to non-Native Americans and caused material facts and exculpatory evidence to go "unearthed". *Complaint, Count 1, ECF 2 at 4; Complaint, Count 3, ECF 2 at* 6.  He claims that in October 2009, Defendants subjected him to a federal prosecution and conviction without the benefit of exculpatory and mitigating evidence of sexual abuse as a child, diminished capacity, ADDHD, and a dysfunctional family environment and childhood. *Complaint, Count 2, ECF 2 at 5*. He alleges Defendants conspired to have him plead guilty without ensuring that he understood the charges against him. *Complaint, Count 2, ECF 2 at 5.*  He alleges Defendants violated his constitutional rights by allowing and causing him to be sentenced to 540 years without the benefit of exculpatory and mitigating evidence as contained in his sealed juvenile records. *Complaint, Count 2, ECF 2 at* 5-6.  He alleges Defendants caused him to plead guilty to an offense of which he is innocent, failed to read him his Miranda rights, and caused him to enter into an unknowing and unintelligent guilty plea. *Complaint, Count 3, ECF 2 at 7-8.*  Sandcrane also complains that in 2001, Defendants lowered the evidentiary threshold from plausible to viable for federal

indictments involving Native Americans. *Complaint, Count 4, ECF 2 at 9*. He alleges his defense counsel conspired with the prosecuting attorney and did not advise him of his rights under the Speedy Trial Act and caused him to enter into an unknowing plea. *Complaint, Count 6, ECF 2 at 12*.

### 2. Claims regarding Legislation and Policies

In Counts 5, 7-9, and Counts 12-16, Sandcrane raises a number of generalized claims regarding legislation and policy decisions affecting Native Americans. He alleges that Senator Steve Daines in May 2014 threatened the Fort Peck Tribal Board members with withholding medical services, education services, Cobell payments, law enforcement funding water quality services, and oil regulation and guidances if the Fort Peck Tribes did not agree to give up the aforementioned rights and enter into agreements with the state and U.S. Governments. *Complaint, Count 5, ECF 2 at 10*. He alleges Senator Daines also violated his rights by making efforts to pass the Violence Against Women Act. He alleges the Act is based on racial animus toward Native Americans that will result in "enhanced sentences." He also

faults Senator Daines for submitting the Authorized Rural Water Projects Completion Act. *Complaint, Count 5, ECF 2 at 10.*

He alleges Defendants conspired to usurp the oversight obligations of the U.S. Bureau of Land Management to inspect his high risk Indian lands for water contamination and other environmental damage by wrongfully introducing a bipartisan bill and amendments to the Indian Tribal Energy and Self-Determination Act Amendments of 2014. He alleges Defendants did so without monitoring inspection activities at their state and field offices and thus could not provide reasonable assurances that those offices were completing the required inspections. *Complaint, Count 7, ECF 2 at 14-16.*

Sandcrane alleges United States District Court Judge Brian Morris and other Defendants, in the case of *Jackson v. Wolf Point*, CV 13-65-GF-BMM-RKS, allowed gerrymandering voting districts through Montana that manipulates and produces a desired election result in favor of Defendants Tester, Bullock, Walso, Stafne, Kirn, and other officials amendable to legislation. *Complaint, Count 8, ECF 2 at 17-18.*

Sandcrane alleges Defendants violated his rights by subjecting

5

him and other federally recognized enrolled tribal members to the 2010 Affordable Care Act in breach of their trust responsibilities of proving health care to tribal members. He also complains in detail about medical care on the reservations and that Defendants perpetrated "purchase referred care," violating his right to health care. *Complaint, Counts 9, 14, 16, ECF 2 at 20-27, 35-36*.

Sandcrane alleges Defendants used Federal American Recovery & Reinvestment Act funds to build the Fort Peck Adult Detention Center for the purpose of perpetrating the illegal Tribal Law & Order Act, Violence Against Woman Act, Tribal State Cross Deputization Agreements without a statutory basis for relief in the state and federal habeas corpus scheme and causing Sandcrane to be denied rights without redress. *Complaint, Count 12, ECF 2 at 32*.

He alleges Defendants are "hydrofracking" on high risk Indian lands and on the Fort Peck Indian Reservation without monitoring and oversight by the Bureau of Land Management and with outdated guidance and sciences on oil and coal mining, well spacing, mineral trespass, interference of oil and coal mining activities, and drainage

6

causing environmental harms and death of Indians in Indian Country. *Complaint, Count 12, 32.*

Sandcrane alleges Defendants implemented common core standards in Indian Country with the intent to lower the education standards and fail to prepare Native American students for college. He also alleges Defendants withheld Federal Johnson O'Malley Indian Education Funds from Native American students in Wolf Point, Montana to discourage Native American students from participating in sports, band, etc in a deliberate effort to deprive them of leadership skills and experiences and prejudicing Sandcrane's future leaders. *Complaint, Count 13, ECF 2 at 33.*

In Count 15, Sandcrane alleges Defendants illegally used the Indian Education Assistance and Self Determination Act to piecemeal his treaty rights to housing. *Complaint, Count 15, ECF 2 at 35.*

### 3. Other Claims

Sandcrane raises two claims which are unrelated to his criminal conviction and are not generalized complaints about legislation and policies. In Count 10, he alleges Defendants violated his constitutional

7

rights by failing to timely distribute the Cobell awards. *Complaint, Count 10, ECF 2 at 28-30.*

In Count 11, Sandcrane alleges he attempted to mail this Complaint in May or June 2014 but it was either returned by the prison without mailing or the Clerk of Court failed to file the Complaint. *Complaint, Count 11, ECF 2 at 31.*

## II. PRELIMINARY SCREENING OF THE COMPLAINT

### A. Standard

As Sandcrane is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. These statutes require the Court to review a prisoner's complaint and dismiss it or portions there of before it is served upon the defendants if it finds that the complaint is "frivolous," if it "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails

8

to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(*quoting Bell*, 127 S.Ct. at 1964 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The

9

court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

    **1. Challenges to Criminal Proceedings**

Counts 1-4 and Count 6 challenge Sandcrane's criminal proceedings and conviction and as such by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid,

called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Sandcrane's rights were violated during his criminal proceedings would necessarily imply the invalidity of that conviction. As Sandcrane's conviction has not been reversed, declared invalid, expunged, or called into question, his claims challenging his criminal proceedings are barred by *Heck*.

In addition, Sandcrane's claims regarding his criminal proceedings are barred by the applicable statute of limitations. In a *Bivens* action such as this one, the forum state's personal injury statute of limitations provides the applicable limitations period. *Western Center for Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000) (*citing*

*Van Strum v. Lawn*, 940 F.2d 406, 408–10 (9th Cir. 1991)). Montana's personal injury statute of limitations is three years. MCA § 27–2–204(1). Sandcrane filed this action on Plaintiffs filed this action on September 15, 2014. *ECF 2*. Thus, absent a reason for tolling the limitations period, his claims must have accrued on or after September 15, 2010. Given that judgment was entered in Sandcrane's criminal case on February 23, 2010, all claims regarding those criminal proceedings are barred by the applicable statute of limitations.

### 2. Challenges to Legislation/Policies

Counts 5, 7-9, and 12-16 are challenges to governmental legislative and policies decisions affecting Native Americans. Sandcrane's complaints are generalized grievances, for which he has no standing. *Baldwin v. Sebelius*, 654 F.3d 877, 879 (9th Cir. 2011)(*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992)). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at

large—does not state an Article III case or controversy." *Id.* Sandcrane is bringing only generalized claims.

In addition, to establish standing a plaintiff must show that he has suffered an "injury in fact." "An injury in fact is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.' " *Baldwin*, 654 F.3d at 879 (*quoting Lujan*, 504 U.S. at 560). Sandcrane has been in custody since 2008 and is not set to be released until 2047. As such, he cannot establish that he has suffered an injury as a result of any of the legislation discussed in his Complaint. Given that he won't be released from prison for over 30 years, any potential injury is certainly not imminent.

To the extent, Sandcrane is attempting to bring these claims on behalf of others, he cannot do so. "It is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a claim to relief on the legal rights or interests of third parties." *Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002). The Supreme Court has "adhered to the rule that a

13

party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.' " *Kowalski v. Tesmer*, 543 U.S. 125, 129, 125 S.Ct. 564, 160 L.Ed.2d 519 (2004) (*quoting Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

Sandcrane's allegations regarding legislation and policies affecting Native Americans should be dismissed.

### 3. Cobell Payments

Sandcrane has made some rather vague allegations regarding Cobell payments. Presumably he is referring to the settlement of a class action lawsuit filed by Native Americans against Secretary of Interior alleging breach of fiduciary duties in managing class members' "Individual Indian Money" (IIM) trust account. *See Cobell v. Salazar*, 679 F.3d 909 (D.C. Cir. 2012). Sandcrane has not specifically alleged that he is entitled to Cobell payments and/or whether or not he has received any such payments. He only makes general allegations that the payments are not being made in a timely fashion.

The United States District Court for the District of Columbia

approved the Settlement and retained jurisdiction over its administration. *See Cobell v. Salazar*, No. 1:96CV01285(TFH), 2011 WL 10676927, at *7 (D.D.C. July 27, 2011) (unpublished) ("This Court shall retain jurisdiction for the purpose of accomplishing the terms of the Settlement Agreement and its administration, and resolving any disputes in connection therewith."), *aff'd*, 679 F.3d 909 (D.C.Cir. 2012), *cert. denied, Craven v. Cobell*, –– U.S. ––, 133 S.Ct. 543, 184 L.Ed.2d 370 (2012). This Court may not interfere in the administration of a settlement being handled in the D.C. Circuit.

### 4. Filing of the Complaint

Sandcrane complains that Roberto Martinez, legal mailroom staff at USP Atwater; Paul Coopenhauer, the Warden at USP Atwater; and an unknown clerk for the United States District Court of Montana failed "to receive and file" Sandcrane's Complaint in this matter which he alleges was given to prison legal mail services on or about May 27, 2014. (*Complaint, Count 11, ECF 2 at 31*.) This claim has been construed as a denial of access to the courts claim. In order to frame a claim of a denial of the right to access the courts, a prisoner must allege

facts showing that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348 (citation and internal quotations omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir.2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (*quoting Lewis*, 518 U.S. at 353 & 353 n. 4).

As Sandcrane's Complaint has now been filed and fully considered by the Court, he cannot show that he has suffered an actual injury. Sandcrane does allege that the failure to file prejudiced his ability to be certified as a class action with the case of *Victor C. Fourstar, Jr. V. Jacquline Dour, et al.*, Civil Action No. 13-CV-93-GF-DWM. On November 15, 2013, Mr. Fourstar was denied leave to proceed in forma pauperis and his case was closed. That decision was affirmed by the Ninth Circuit Court of Appeals on February 21, 2014. *Fourstar v.*

*Decon, et al.*, No. 13-36136, *ECF 15*. Mr. Fourstar's petition for writ of certiorari to the United States Supreme Court was denied on October 6, 2014. Therefore, Sandcrane cannot establish that he suffered an actual injury even if his Complaint was not mailed, received and/or filed in May/June 2014.

In addition, the right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Lewis*, 518 U.S. at 354–55. As set forth herein, Sandcrane's Complaint is frivolous and fails to state. He therefore, cannot establish a denial of access to the courts.

## III. CONCLUSION

Sandcrane's Complaint should be dismissed for the following reasons: (1) his allegations challenging his criminal proceedings are barred by the *Heck* doctrine and are untimely; (2) he does not have standing to bring claims challenging governmental legislation and policies; (3) his challenges to the timing of Cobell settlement payments must be brought in the United States District Court for the District of Columbia; and (4) he has not suffered the actual injury required to file a

claim for denial of access to the courts. These are not defects which could be cured by amendment. The Complaint should be dismissed with prejudice.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Sandcrane's allegations fail to state a federal claim. For this same reason, the Court should certify that any appeal of this matter would not be taken in good faith. That is, the issues raised in this matter are frivolous.

Accordingly, the Court issues the following:

### RECOMMENDATIONS

1. Sandcrane's Complaint (Doc. 2) should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Sandcrane failed to state a claim upon which relief may be granted.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Sandcrane may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a),

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

should not be filed until entry of the District Court's final judgment.

DATED this 29th day of January, 2015.

<u>/s/ Carolyn S. Ostby</u>  
United States Magistrate Judge